UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BEST BRANDS CONSUMER PRODUCTS INC., <br><br> Plaintiff, <br><br> v. <br><br> VERSACE 19.69 ABBIGLIAMENTO SPORTIVO S.R.L., THEOFANIS PAPADAS, V1969 VERSACE SMO LLC, V1969 VERSACE HG LLC, V1969 USA LLC, PJB BRANDS LTD. AND VALERO ENTERPRISES, <br><br> Defendants. | Civil Action No. <br><br><br> (JURY TRIAL DEMANDED) |

## COMPLAINT

Plaintiff Best Brands Consumer Products, Inc. ("Plaintiff" or "Best Brands"), by their attorneys, hereby complain of Defendants Versace 19.69 Abbigliamento Sportivo S.R.L. ("Versace 19.69"), Theofanis Papadas ("Defendant Papadas), V1969 Versace SMO LLC ("Versace Smo"), V1969 Versace HG LLC ("Versace HG"), V1969 USA LLC ("V1969 USA"), PJB Brands Ltd. ("PJB Brands") and Valero Enterprises ("Valero"), as set forth below.

## INTRODUCTION

1.      Best Brands brings this action against Versace 19.69 for breach of contract for its failure to abide by the terms of the license agreement entered into by Best Brands and Versace 19.69, effective February 9, 2015 ("the Agreement"), in which Versace 19.69 licensed to Best Brands its supposed rights under the trademark "V 1969 Italia" ("the Trademark"). In the alternative, Best Brands brings this action against Versace 19.69 for unjust enrichment in Quantum Meruit.

1

2.      Best Brands likewise brings this action for breach of warranties by Defendants Versace 19.69, Papadas, Valero and PJB Brands in connection with the warranties and representations made by those Defendants as set forth herein.

3.      Best Brands further seeks a declaratory judgment action that Versace 19.69 never had the trademark rights which it licensed to Best Brands, as per the pending suit in which Versace 19.69 was sued by Gianni Versace S.p.A and Versace USA, Inc. (collectively, "Versace"), and the pending action against Versace 19.69 by Gap (Apparel), LLC ("the Gap") in the U.S. Patent and Trademark Office.  Versace 19.69 was sued in the United States District Court for the Northern District of California in June 2016 ("the Gianni Versace Lawsuit") by Gianni Versace S.p.A and Versace USA, Inc. (collectively, "Versace").  The Gianni Versace Lawsuit, among other things, includes causes of action for trademark infringement (under federal law and common law), federal false designation, and federal dilution.  Versace 19.69 was also sued by the Gap over Versace 19.69's trademarks ("the Gap Trademark Proceedings"), based on the Gap's allegations that the trademark "1969" is a famous mark owned by the Gap.

4.      Best Brands also seeks the return of all monies it paid to Versace 19.69, due to Versace 19.69's failure to perform services in accordance with the Agreement.  In consideration for this license, Best Brands, in good faith, has paid Versace 19.69 the net amount of $90,882.71 ("90K+") to date, as an advance against royalties.

5.      Best Brands further seeks a judgment that Defendants Versace 19.69, Valero, Papadas and PJB Brands committed fraud because they falsely informed Best Brands that Versace 19.69 had full ownership of the Trademark when it entered into the Agreement.  Best Brands relied on Versace 19.69's declaration and guarantee that it was the "common law owner and beneficiary" of the Trademark when it entered into the Agreement.  It also relied on the fact

2

that Versace 19.69 declared and guaranteed that it had "full and legal right and authority to enter into this agreement and to grant a license to use" the Trademark.

6.      As it turns out, the Trademark is the focus of the Gianni Versace Lawsuit, in specific, the issue of the ownership of the Trademark.  The Trademark is likewise the focus of the GAP Trademark Proceedings.

7.      Due to this, Best Brands' purpose of entering the Agreement has been substantially frustrated at no fault of its own.  Best Brands is no longer able to commercially market products with the Trademark because retailers are unwilling to sell products under a Trademark that is the subject of the Gianni Versace Lawsuit.  Likewise, on information and belief, retailers are unwilling to sell products that may infringe the rights of the Gap.

8.      In addition, Best Brands is itself unwilling to commercially market products that infringe, or potentially infringe, the rights of Gianni Versace and/or the Gap.

## THE PARTIES

9.      Plaintiff Best Brands is a New York corporation having its principal place of business at 25 Merrick Avenue, Merrick, New York 11566.

10.     Defendant Versace 19.69 Abbigliamento Sportivo s.r.l., ("Versace 19.69") upon information and belief, is a corporation organized and existing under the laws of the country of Italy having its principal place of business at Via Daniele Crespi, 1 21052, Busto Arsizio, Varese – Italy.

11.     Defendant Theofanis Papadas, upon information and belief, is a citizen of Greece and the sole director of Defendant Versace 19.69 Abbigliamento Sportivo s.r.l. having its principal place of business at Via Daniele Crespi, 1 21052, Busto Arsizio, Varese – Italy.

Defendant Mr. Papadas, upon information and belief, owns and/or controls Defendants Versace 19.69, and Defendants Versace SMO, Versace HG, and V1969 USA below.

12.     Defendant V1969 Versace SMO LLC ("Versace SMO"), upon information and belief, is a company organized under the laws of Florida, having its principal place of business at 300 N.E. 183rd Street, Miami, Florida 33179.  Upon information and belief V1969 Versace SMO LLC et. al is owned and/or controlled by the same individuals or entities that own and/or control Versace 19.69 Abbigliamento Sportivo s.r.l.

13.     Defendant V1969 Versace HG LLC ("Versace HG"), upon information and belief, is a company organized under the laws of Florida, having its principal place of business at 300 N.E. 183rd Street, Miami, Florida 33179.  Upon information and belief, Defendant V1969 Versace HG LLC is affiliated with one or more of the same individuals or entities that own and/or control Versace 19.69 Abbigliamento Sportivo s.r.l.

14.     Defendant V1969 USA LLC ("V1969 USA"), upon information and belief, is a company organized under the laws of Florida, having its principal place of business at 300 N.E. 183rd Street, Miami, Florida 33179.  Upon information and belief, Defendant V1969 USA LLC is affiliated with one or more of the same individuals or entities that own and/or control Versace 19.69 Abbigliamento Sportivo s.r.l.

15.     Defendant PJB Brands Ltd. ("PJB Brands"), upon information and belief, is a company organized under the laws of Greece, having its principal place of business at Scholelou 18B Agia Paraskevi 153 42 Athens, Greece.  Defendant PJB Brands is an agent of Defendant Versace 19.69.  Upon information and belief, Defendant PJB Brands is also an agent of the other defendants, other than Defendant Valero.

16.     Defendant Valero Enterprises, Inc. ("Valero") is a company organized under the laws of California, having its principal place of business at 26500 Agoura Rd., Suite 130, Calabasas, CA 91302.  Defendant Valero is an agent of Defendant Versace 19.69, and an agent of Defendant PJB Brands.  Upon information and belief, Defendant Valero is also an agent of the other defendants.

## JURISDICTION AND VENUE

17.     The present claims arise under this Court's diversity jurisdiction, and include claims for breach of contract, for unjust enrichment and recovery *in quantum meruit*, and for fraud.

18.     This Court has original jurisdiction over the claims of this civil action pursuant to 28 U.S.C. §1332(a), in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States, with complete diversity between the parties.

19.     This Court also has jurisdiction over the claims of this action pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

20.     This Court also has jurisdiction pursuant to its supplemental jurisdiction under 28 U.S.C. §1367.

21.     This Court has personal jurisdiction over Defendants, and venue is proper in this Court, under CPLR §§301 and/or 302 in that they have transacted business in the State of New York and/or have consistently and systematically done business in the State of New York, including business with Best Brands.

## FACTS

The License Agreement

22.     Best Brands is a wholesaler that offers for sale and sells retailers, such as TJ Maxx, Lord & Taylor, various consumer products to be sold in their stores.

23.     On or about February 2, 2015, Best Brands and Versace 19.69 entered into an Agreement. *See,* Exhibit 1.  Under the terms of this agreement, Versace 19.69 licensed to Best Brands its supposed rights under the Trademark.

24.     Best Brands relied on various representations and warranties in entering into the Agreement.

25.     For example, Best Brands relied upon Versace 19.69's declaration and guarantee that it was the "common law owner and beneficiary" of the Trademark when it entered into the Agreement.

26.     Best Brands also relied on the fact that Versace 19.69 declared and guaranteed that it had "full and legal right and authority to enter into this agreement and to grant a license to use" the Trademark.

27.     Best Brands' reliance is confirmed in the Agreement itself, which states: "Licensee [Best Brands] accepts the guarantees of the Licensor and based on those guaranties decides and desires to obtain a license to use the Property," i.e., the Trademark.

28.     Best Brands likewise relied on numerous other representations and warranties in the Agreement, and made in the licensing negotiations, as discussed further below.

29.     In consideration for this license, Best Brands, in good faith, has paid Versace 19.69 the net amount of $90,882.71 ("90K+") to date, as an advance against royalties.

The Gianni Versace Lawsuit

30.     Notwithstanding Versace 19.69's "guarantees" to the ownership of the Trademark at the time of the Agreement, it now appears that there are serious questions as to whether Versace 19.69 actually owns unencumbered rights to the Trademark.

31.     Versace 19.69 was sued in the United States District Court for the Northern District of California on June 28, 2016 ("the Gianni Versace Lawsuit") by Gianni Versace S.p.A and Versace USA, Inc. (collectively, "Versace").

32.     The Gianni Versace Lawsuit, among other things, includes causes of action for trademark infringement (under federal law and common law), federal false designation, and federal dilution.  *See,* Exhibit 3.

33.     In the Gianni Versace Lawsuit, the Complaint alleges that Versace 19.69 uses the mark 19V69 with the name Versace and/or the name of their Italian affiliate Defendant Versace 19.69 Abbigliamento Sportivo SPL to deceive consumers into believing that 19v69 Italia is associated with Versace (i.e. Gianni Versace), but that there is no such association.  Exhibit 3, ¶ 1-2.

34.     The Complaint also alleges that Gianni Versace had recently obtained a ruling from an Italian court prohibiting Defendant Papadas from using the name Versace, finding, *inter alia,* that such use infringes Gianni Versace's trademarks.

35.     In the Complaint, Gianni Versace asserts that it is the owner of numerous trademark containing the Versace name.  *Id.* ¶16-19.

36.     Gianni Versace also asserts that its marks qualify as famous marks, and have achieved secondary meaning.

The GAP Trademark Proceedings

37.     In addition to the Gianni Versace Lawsuit, Versace 19.69 has been sued by Gap (Apparel) LLC several times in the U.S. Patent and Trademark Office with respect to Versace 19.69's trademarks.

38.     Specifically, on June 29, 2015, the Gap filed a Notice of Opposition against Versace 19.69's trademark application before the Trademark Trial and Appeal Board of the U.S. Patent and Trademark Office.   *See*, Exhibit 4, Notice of Opposition in TTAB Proceeding 91/222,574 ("the '574 Proceeding").

39.     On November 15, 2015, the Gap filed a Petition for Cancellation against Versace 19.69's trademark registration, before the Trademark Trial and Appeal Board of the U.S. Patent and Trademark Office.  *See*, Exhibit 5, Petition for Cancellation in TTAB Proceeding No. 92/062,578 ("the '578 Proceeding").

40.     On March 9, 2016, the Gap filed a further Notice of Opposition against Versace 19.69's trademark application, before the Trademark Trial and Appeal Board of the U.S. Patent and Trademark Office.  *See*, Exhibit 6, Notice of Opposition in TTAB Proceeding No. 91/226,782 ("the '782 Proceeding").

41.     In the '574, '578, and '782 Proceedings (collectively, "the Gap Trademark Proceedings"), the Gap asserts that it is one of the world's leading retailers of clothing and accessories, and that Versace 19.69's marks infringe upon the Gap's trademark rights.

42.     The Gap asserts that it is the owner of rights to numerous registered trademarks to the mark "1969" including:  U.S. Trademark Registration No. 2,449,575 issued May 8, 2001; U.S. Trademark Registration No. 3,873,549 issued November 9, 2010; U.S. Trademark Registration No. 4,161,684 issued June 19, 2012; U.S. Trademark Registration No. 4,221,697

issued October 9, 2012; and U.S. Trademark Registration No. 4,481,405 issued February 11, 2014.

43.     The Gap has also asserted that its "1969 Mark" is famous.

44.     In view thereof, in the Gap Proceedings the Gap has asserted that Versace 19.69's use of the mark "1969" as part of Versace 19.69's asserted trademarks is unlawful.

<u>Best Brands' Claims</u>

45.     In view of the Gianni Versace Lawsuit, the Gap Proceedings, and the related issue of the ownership of the Trademark, Best Brands' purpose of entering the Agreement has been substantially frustrated at no fault of its own.

46.     Best Brands is no longer able to commercially market products with the Trademark because retailers are unwilling to sell products under a Trademark that is the subject of the Gianni Versace Lawsuit.

47.     In fact, upon information and belief, TJ Maxx and Lord & Taylor have taken products that are marketed and sold under the Trademark off their shelves.  Groupon has also stopped carrying products that are marketed and sold under the Trademark.

48.     Likewise, Best Brands is unwilling to potentially infringe any marks of Gianni Versace and/or the Gap.

49.     In view of the fact that Versace 19.69 apparently did not have full ownership of the Trademark when it entered into the Agreement, the Agreement should be rescinded and/or terminated, and Best Brands' $90K+ should be immediately returned to it.

50.     Due to the fraudulent inducement by Versace 19.69, and because of the allegations in the Gianni Versace Lawsuit that any use of the Trademark by Best Brands would infringe upon third party rights, and the fact that Best Brands has agreed in the Agreement that it

would not engage in any such acts, Best Brands should be reimbursed in the amount of $90K+ and the Agreement should be terminated.

51.    Likewise, due to the fraudulent inducement by Versace 19.69, and because of the allegations in the Gap Proceedings that it owns right to the trademark "1969" and that the mark is famous, and the fact that Best Brands has agreed in the Agreement that it would not engage in any such acts, Best Brands should be reimbursed in the amount of $90K+ and the Agreement should be terminated.

52.    Paragraph 5 of the agreement states that:

> Paragraph 5(b) – "no part of the Advance or Guarantee shall be repayable, unless Licensor's trademark is deemed invalid or unenforceable or by reason of the fact that Licensee's use of the Property strictly in accordance with the terms of this Agreement infringes upon the rights of a third party. **In these occurrences, royalty advance shall be repaid to Licensee from Licensor.**" (emphasis added)

53.    Based on the Gianni Versace Lawsuit and the Gap Proceedings, Best Brands' use of the Trademark "strictly in accordance with the terms of this Agreement" is said to apparently infringe upon Gianni Versace and/or the Gap's trademark rights.  As such, it would be a violation of the Agreement for Best Brands to market or sell products under the Trademark.  Best Brands will not knowingly violate the terms of the Agreement, or risk the possibility of infringing a third party's trademark rights.  It is important to note that, pursuant to Paragraph 5(b) above, Licensor is obligated to repay the $90K+ royalty advance to Best Brands.

54.    Paragraph 12 of the Agreement states:

> Paragraph 12(c) – "Licensor hereby saves and holds Licensee and its respective affiliates harmless of and from **and indemnifies each of them against any and all claims, losses, liability**, judgements, penalties, damages **and expenses (including reasonable attorneys' fees and expenses)** that they or any of them may incur or be obligated to pay, or for which they or any them may become liable or be compelled to pay in any action,

claim or proceeding against them or any of them, **by reason of the fact that Licensee's use of the Property strictly in accordance with the terms of this Agreement infringes upon the rights of a third party** and by reason of any acts by Licensor or any of its respective affiliates, agents or employees arising out of or related to this Agreement.  **Licensor's indemnification obligation shall also apply to any action by reason of any representation or warranty on the part of Licensor being untrue in any material respect**."  (emphasis added)

55.     In view of the Gianni Versace Lawsuit, Best Brands has incurred and will continue to incur, at a minimum, "losses" and expenses (including reasonable attorneys' fees and expenses) from use of the Trademark which is accused of infringing Versace's rights.  For example, Best Brands has been served with a subpoena (Exhibit 2) in an action, claim, or proceeding ("the Gianni Versace Lawsuit"), which Best Brands has had to respond to.  For this additional reason, Versace 19.69 should be obligated to reimburse Best Brands for its net advance of $90K+, and for all attorneys' fees incurred in connection with the Gianni Versace Lawsuit and the present suit.

56.     Paragraph 12 also states that:

Paragraph 12(d) – "**Licensee shall take all necessary steps to ensure that conduct by it or by contractors, suppliers, sub-licensees or employees preserves, in all respects, such third-party rights.**" (emphasis added)

57.     Under the Agreement, Best Brands must "take all necessary steps to ensure that conduct by it … preserves … third party rights."  If Best Brands continues to market products under the Trademark, it would be a violation of the Agreement based on the claims alleged in the Gianni Versace Lawsuit and/or the Gap Proceedings.  Again, Best Brands will not violate the Agreement or risk potential infringement of a third party's intellectual property rights.

58.     As stated above, in view of Versace 19.69's breach of its warranties, and the provisions of the Agreement, the Agreement should be rescinded and/or terminated.

11

## COUNT I

### Versace 19.69's Breach of Contract

59.     Plaintiff repeats and re-alleges the allegations contained in each of the preceding paragraphs of this Complaint, as though fully set forth herein.

60.     On February 2, 2015, Best Brands and Versace 19.69 entered into the Agreement.

61.     Pursuant to the Agreement, Best Brands was supposed to have a license, from Versace 19.69, of the Trademark.

62.     Best Brands relied on Versace 19.69's declaration and guarantee that it was the "common law owner and beneficiary" of the Trademark when it entered into the Agreement.

63.     Best Brands also relied on the fact that Versace 19.69 declared and guaranteed that it had "full and legal right and authority to enter into this agreement and to grant a license to use" the Trademark.

64.     Best Brands' reliance is confirmed in the Agreement itself, which states: "Licensee [Best Brands] accepts the guarantees of the Licensor and based on those guaranties decides and desires to obtain a license to use the Property," i.e., the Trademark.

65.     In accordance with the terms of the Agreement, in consideration for this license, Best Brands paid Versace 19.69 the net amount of $90,882.71 ("90K+") to date, as an advance against royalties for their so-called trademark rights.

66.     However, Versace 19.69 did not seem to have any such rights in the Trademark in order to grant to Best Brands and therefore did not perform its services in accordance with the Agreement.

67.     Best Brands asked that Versace 19.69 abide by the terms of the Agreement but it did not do so.

68.     As such, Best Brands has been damaged in an amount be determined by the jury in this matter.

## COUNT II

### Versace 19.69's Unjust Enrichment
### *in Quantum Meruit*
### for its Failure to Perform Services

69.     Plaintiff repeats and re-alleges the allegations contained in each of the preceding paragraphs of this Complaint, as though fully set forth herein.

70.     In the event, that Versace 19.69 maintains that it is not bound by the Agreement, in alternative of the count for breach of contract, Versace 19.69 is liable to Best Brands for Versace 19.69's unjust enrichment, and in *quantum meruit.*

71.     Best Brands, in good faith, has paid Versace 19.69 the net amount of $90,882.71 ("90K+") to date, as an advance against royalties, for trademark rights that were not provided.

72.     As an alternative to breach of contract, should Versace 19.69 not be bound by the Agreement, Versace 19.69 should be found liable for unjust enrichment, and should be obligated to pay Best Brands *in quantum meruit* for the monies Versace 19.69 unlawfully received.

73.     As an alternative to legal relief, Best Brands seeks equitable relief for this count and its causes of action in these claims, in the absence of an adequate remedy at law.

## COUNT III

### Declaration that Versace 19.69 Does not Have Trademark Rights

74.     Plaintiff repeats and re-alleges the allegations contained in each of the preceding paragraphs of this Complaint, as though fully set forth herein.

75.     Although Versace 19.69 represented that it has full rights in the Trademark, it does not seem to have such rights to grant.

76.     Versace 19.69 was sued in the United States District Court for the Northern

District of California in June 2016 the Gianni Versace Lawsuit by Versace.  The Gianni Versace

Lawsuit, among other things, includes causes of action for trademark infringement (under federal

law and common law), federal false designation, and federal dilution.

77.     Versace 19.69, therefore, apparently did not have full ownership of the Trademark

when it entered into the Agreement.

78.     In view of the above, Best Brands seeks a declaratory judgment that Versace 19.69

does not own rights in the Trademark.

## COUNT IV

### Versace 19.69's Fraud

79.     Plaintiff repeats and re-alleges the allegations contained in each of the preceding

paragraphs of this Complaint, as though fully set forth herein.

80.     Defendant Valero represented, at a minimum, Defendants Versace 19.69, PJB

Brands, and Papadas, during the licensing negotiations with Best Brands, and spoke on their

behalf.

81.     During the negotiations, Defendants Versace 19.69, PJB Brands, and Papadas,

through Defendant Valero, made various representations regarding the trademark to be licensed.

82.     Specifically, Defendant Valero represented, on her and their behalf, that the

trademarks being licensed by Versace 19.69 were valid, that there were no issues with Gianni

Versace or its trademark or conflict therewith, and that there were no other trademark issues that

could be an impediment to Best Brands using the trademark.

83.     To fraudulently induce Best Brands into entering the Agreement, those

Defendants represented that there were no trademark issues with Gianni Versace or otherwise.

84.     Those representations were false when made, or were made recklessly without regard to whether they were true or false.

85.     To fraudulently induce Best Brands to enter into the Agreement, those Defendants represented that Versace 19.69 had full trademark rights to the mark "V 1969 Italia," was the "common law owner and beneficiary" of the Trademark, and had "full and legal right and authority to enter into this agreement and to grant a license to use" the Trademark.

86.     Those representations were also false when made, or were made recklessly without regard to whether they were true or false.  Upon information and belief Versace 19.69 does not own such rights to the Trademark.

87.     Those representations were made to induce Best Brands to rely upon them.

88.     Best Brands justifiably relied on Defendants' representations.

89.     Best Brands' reliance, for example, is confirmed in the Agreement itself, which states: "Licensee [Best Brands] accepts the guarantees of the Licensor and based on those guaranties decides and desires to obtain a license to use the Property," i.e., the Trademark.

90.     Upon information and belief, the afore-mentioned Defendants intended to deceive Best Brands by claiming that Versace 19.69 could give Best Brands rights to the Trademark, when they knew that it could not.

91.     Upon information and belief, the afore-mentioned defendants further deceived Best Brands by reassuring Best Brands of Versace 19.69's rights.

92.     Best Brands relied on the aforementioned false guarantees and assurances.

93.     Best Brands was damaged by its reliance on these false statements.

94.     Best Brands has been damaged by those Defendants fraud, in an amount to be determined by a jury in this matter.

15

95.     At a minimum, Best Brands was damaged in the amount of its payments made to Versace 19.69, Best Brands attorneys' fees incurred in connection with the Gianni Versace Lawsuit, and Best Brands' expenses incurred in engaging in commercialization efforts under the Agreement.

## COUNT IV

## Breach of Express Warranty

96.     Plaintiff repeats and re-alleges the allegations contained in each of the preceding paragraphs of this Complaint, as though fully set forth herein.

97.     Before and after entry into the Agreement, Defendants Versace 19.69, PJB Brands, and Papadas, through Defendant Valero, made various warranties regarding the trademark to be licensed.

98.     Specifically, Defendant Valero warranted, on her and their behalf, that the trademarks being licensed by Versace 19.69 were valid, that there were no issues with Gianni Versace or its trademark or conflict therewith, and that there were no trademark issues that could be an impediment to Best Brands using the trademark.

99.     Those Defendants warranted that there were no trademark issues with Gianni Versace or otherwise.

100.     Those Defendants warranted that Versace 19.69 had full trademark rights to the mark "V 1969 Italia," was the "common law owner and beneficiary" of the Trademark, and had "full and legal right and authority to enter into this agreement and to grant a license to use" the Trademark.

101.    Those Defendants warranted that Best Brands would be able to commercialize goods under the Agreement without interference by third parties, whether Gianni Versace or otherwise.

102.    The Defendants warranted that Best Brands would be indemnified against any and all claims, losses, liability, judgements, penalties, damages and expenses (including reasonable attorneys' fees and expenses) that it might incur or be obligated to pay that if any representation or warranty on the part of Versace 19.69 were untrue in any material respect.

103.    The Defendants also warranted that Best Brands would be indemnified  against any and all claims, losses, liability, judgements, penalties, damages and expenses (including reasonable attorneys' fees and expenses) that it might incur or be obligated to pay, or for which it might become liable for, in any claim or proceeding by reason of the fact that use of the Trademark in accordance with the Agreement infringes upon the rights of a third party and by reason of any acts by Versace 19.69 arising out of or related to this Agreement.

104.    The Defendants also warranted that in the event that Best Brands use of the Trademark in accordance with the terms of this Agreement were to infringe upon the rights of a third party, that Best Brands' royalty advance would be repaid to Best Brands.

105.    Those warranties were part of the basis of the parties' bargain.

106.    Those warranties were breached by the Defendants.

107.    For example, Best Brands has, *inter alia*, incurred attorneys' fees in responding to a subpoena by Gianni Versace S.p.A and Versace USA, Inc. in the Gianni Versace Lawsuit. Best Brands, as a result, requested from Defendants Versace 19.69, Papadas, PJB Brands, and Valero, indemnification of its attorneys' fees and advance, pursuant to the warranties and the

Agreement.  A copy of Best Brands' letter dated March 29, 2017 so requesting, and seeking a response by April 14, 2017, is attached hereto as Exhibit 7.

108.    Defendant Valero responded to the letter promising a response from Defendant Papadas' lawyer.

109.    No such response was forwarded.

110.    Best Brands sent a follow up letter dated April 26, 2017 requesting a response by May 10, 2017 (Exhibit 8).

111.    To date, Best Brands has not received any further response to the March 29th or April 26th letters, whether a response from Defendant Papadas' lawyer.

112.    Upon information and belief, Defendants are refusing to honor its indemnification commitments under the Agreement, in breach of the warranties made by the Defendants and in breach of the parties' Agreement.

113.    Best Brands has been damaged by Defendants' breaches, and is entitled to be indemnified for all damages incurred as a result of such breaches, in an amount to be determined by the jury in this matter.

## JURY TRIAL DEMAND

114.    Pursuant to Federal Rule of Civil Procedure Rule 38, and all applicable law, Best Brands hereby demands a trial by jury on all issues set forth herein that are properly triable to a jury.

## PRAYER FOR RELIEF

WHEREFORE, Best Brands respectfully requests that this Court grant the following relief against Defendants:

A.      That Defendants Versace 19.69, PJB Brands, and Valero be adjudged to have engaged in breach of contract in violation of the Agreement;

B.      That, in the alternative to breach of contract, that Defendants Versace 19.69, PJB Brands, and Valero be found liable for unjust enrichment at Best Brands' expense, and that they be obligated to pay Best Brands *in quantum meruit* for monies that Versace 19.69 received even though it did not provide Best Brands with trademark rights;

C.      That Defendants Versace 19.69, PJB Brands, and Valero be adjudged to have engaged in fraud with respect to their representations and actions regarding the Trademark;

D.      That Defendants Versace 19.69, PJB Brands, and Valero be adjudged to have breached their express warranties;

E.      That Defendants Versace 19.69, PJB Brands, and Valero be liable to pay Best Brands for the damages suffered by Best Brands for the acts of Versace 19.69 complained of herein, including punitive damages, in the maximum amount available by law;

F.      That all of the defendants be found jointly and severally liable for the violations set forth herein, and for any damages and fees associated therewith;

G.      That Best Brands be awarded pre-judgment and post-judgment interest on all amounts awarded;

H.      That Best Brands be awarded its attorneys' fees and costs for bringing this action, under the terms of its Agreement, and all applicable law;

I.     That Best Brands obtain all further relief permitted under the laws of the United

       States and the State of New York; and,

J.     That Best Brands obtain all such other and further relief as the Court may deem just

       and equitable.

Dated:  June 19, 2017                    */s/Morris E. Cohen*

                                         _____
                                         Morris E. Cohen (MC-4620)
                                         Lee A. Goldberg (LG-9423)
                                         Limor Wigder (LW-1986)
                                         Goldberg Cohen LLP
                                         1350 Avenue of the Americas, 3rd Floor
                                         New York, New York 10019
                                         Telephone: 646-380-2084
                                         Fax:  646-514-2123
                                         mcohen@goldbergcohen.com
                                         lgoldberg@goldbergcohen.com
                                         lwigder@goldbergcohen.com

                                         Attorneys for Plaintiff