```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                                                       :
BEST BRANDS CONSUMER PRODUCTS,                         :
INC.,                                                  :
                                                       :
                              Plaintiff,               :     17-CV-4593(VSB)
                                                       :
              -against-                                :           ORDER
                                                       :
VERSACE 19.69 ABBIGLIAMENTO                            :
SPORTIVO S.R.L., et al.                                :
                                                       :
                              Defendants.              :
-------------------------------------------------------X
```

<u>VERNON S. BRODERICK</u>, United States District Judge:

      I issued an Order on October 31, 2019, granting Defendants' counsel leave to withdraw, and directing Defendants to retain new counsel by November 27, 2019. (Doc. 69). Specifically, I indicated that if corporate Defendant Versace 19.69 Abbigliamento Sportivo S.R.L. ("Versace") did not retain new counsel by November 27, 2019, a default judgment would be entered against it. (*Id.*) Versace has not retained new counsel, and a default shall be entered against Versace.

      I also directed individual defendant Theofanis Papadas ("Papadas") that by November 27, 2019, he must either retain new counsel or indicate that he would like to continue in this action pro se. (*Id.*) Defendant Papadas sent a letter to the court, not filed on ECF, on November 22, 2019, stating that neither he nor Versace could afford a new attorney, and asking for "leniency on this matter." At no point did Papadas ask to proceed pro se, as directed.

      Accordingly, if Plaintiff intends to seek a default judgment against Papadas, it is directed to do so in accordance with Rule 4(H) of my Individual Rules and Practices in Civil Cases by no

later than January 4, 2020. If Plaintiff fails to do so or otherwise demonstrate that it intends to prosecute this litigation, I will dismiss this case against Defendant Papadas for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Furthermore, on March 14, 2019, I held Plaintiff's request for a default against Volero Enterprises, Inc., ("Valero") in abeyance pending further proceedings against Versace and Papadas. (Doc. 60). Plaintiff's request is now Granted.

Accordingly it is:

ORDERED that a default is entered against Versace, and Valero on the issue of liability.

SO ORDERED.

Dated: December 3, 2019
      New York, New York

Vernon S. Broderick
United States District Judge