

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/17/2020
```

July 13, 2020

**Filed Via ECF**

Application DENIED. SO ORDERED.
Dated: July 17, 2020

The Honorable Magistrate Judge Stewart D. Aaron
United States District Court
Daniel Patrick Moynihan Courthouse
500 Pearl Street
Room 1970
New York, NY 10007

      Re:    *Best Brands Consumer Products, Inc. v. Versace 19.69 Abbigliamento Sportivo S.R.L. et al.*, 1:17-cv-04593-VSB-SDA
            **Request for Adjournment of Inquest Hearing**

Dear Honorable Magistrate Judge Aaron:

My firm, along with Richman Law Firm PLLC, represent Defendant Versace 19.69 Abbigliamento Sportivo S.R.L. ("Versace19.69") and Defendant Papadas[1] in the above-referenced matter. In accordance with paragraph I(D) of Your Honor's Individual Rules, we respectfully request an adjournment of the Inquest six months from its scheduled date of August 26, 2020, i.e. to February 26, 2021.

This is Defendant Versace 19.69's second request for an adjournment of the Inquest. On or about May 14, 2020, your Honor granted Versace 19.69's first request for an adjournment of the Inquest of sixty days so as to permit the matter to move forward to a settlement conference. Unfortunately, despite the best efforts of your Honor, this matter did not settle at that time.

Versace 19.69 seeks this adjournment due to the COVID-19 pandemic. More specifically, Versace 19.69 would like additional time to cull together monies to resolve the matter. The COVID-19 pandemic has halted businesses such as Versace 19.69's business in Italy and made it extremely difficult for Versace 19.69 to put together the funds to try to resolve the matter in the lump sum demanded by Plaintiff. In addition, Mr. Papadas desires to travel to New York to appear in Court for the Inquest proceeding. Unfortunately, there are travel restrictions which prohibit Mr. Papadas' travel to New York to appear at the Inquest proceeding. Please see the attached letter from Mr. Papadas as Exhibit A regarding the specifics of Versace 19.69's adjournment request.

---

[1] The matter was voluntarily dismissed against Defendant Papadas on April 30, 2020.

Gabriel & Pelaez, PLLC
72 – 11 Austin Street
P.M.B 406
Forest Hills, NY 11375

www.GandPLaw.com

Honorable Magistrate Judge Stewart D. Aaron
July 13, 2020



Versace 19.69 has consulted with counsel Plaintiff by email on July 13, 2020, regarding the instant request for an adjournment of the Inquest hearing. By return email, Plaintiff indicated that does not consent to said request because "it is extremely prejudicial [to Plaintiff] that he is left in limbo." Plaintiff's opposition to the adjournment request appears based on the assertions that "This case has been delayed long enough." and that "our client does not trust your client". Counsel for Plaintiff has advised the undersigned that they desire to submit a letter in opposition of this request.

None of these reasons demonstrate any prejudice to Plaintiff by an adjournment. There can be no prejudice insofar as a default judgment has been granted against Versace 19.69, and ultimately, it is anticipated that a money damages award will be granted in favor of Plaintiff as against Defendant. Plaintiff's actions also demonstrate there would be no prejudice from the requested delay as Plaintiff waited until April 30, 2020 to voluntarily dismiss Papadas from this matter. It was a date of Plaintiff's choosing, which was not even two and a half months ago and in the midst of a global pandemic, that predicated the referral of this matter to your Honor for Inquest. It was entirely within Plaintiff's control to have had this case ripe for an Inquest hearing earlier if time were truly of the essence.

Plaintiff may also argue the fact that its complaint was filed three years ago as support for denying this request. While Defendant does not find it relevant to this request, a cursory review of the docket shows that the substantial portion of the three year pendency of this case was caused by Plaintiff's own failure to attempt to properly serve the complaint on the foreign defendants and its own delays in moving for default judgments.

As Plaintiff has not consented to this request and it appears that the Court has not yet ordered deadlines for the pre-hearing submissions, Defendant does not have agreed-upon suggested dates to provide the Court. A proposed Revised Scheduling Order with Defendant's requested hearing date is hereto attached as Exhibit B.

As such, the undersigned respectfully requests that your Honor grant Versace 19.69's request for an adjournment of the upcoming Inquest Hearing.

                                         Respectfully Submitted,

                                         s/*Michael G. Gabriel*/

                                         Michael G. Gabriel



## VERSACE 19.69 ABBIGLIAMENTO SPORTIVO SRL

Busto Arsizio July 10, 2020

Dear Judge Aaron,

I, Theofanis Papadas, President and Sole Administrator of the company Versace 19.69 Abbigliamento Sportivo Srl, as legal representative of the company Versace 19.69 Abbigliamento Sportivo Srl, the Defendant of Case 1:17-cv-04593-VSB, kindly request you to adjourn the trial which is due in August 2020, together with its related pre-trial proceedings for a reasonable time period of six months due to the pandemic.

With this letter, kindly allow me to express my concerns which are mainly derived out of the fast and catastrophic nature of the coronavirus, its negative effects in my business and generally speaking in business on a worldwide basis the last few months with potential negative impact in the near future depending its improvement.

Following our Settlement Conference Call on Tuesday June 23, 2020, it was evident that I, Theofanis Papadas and my attorneys, desired to settle this case and close the file. We made a financial offer which was acceptable by the opposing party but it was not acceptable the proposed payment schedule despite the reasons given. Hence, no settlement was achieved.

My intention still is to settle this case but I need more time to restart the business and be in the financial position to meet my obligations and commitments made before the pandemic. The company is located in Italy, a country hit very badly by the coronavirus. Still most of the businesses and Government authorities are closed or getting slowly back in operation, and it is unknown when business be back to normal. The company operates on a global basis and its revenues come from its activities related to the fashion industry. An industry that was again hit very hard. The damages and the economic crisis I, Theofanis Papadas, personally, my company and the countries that we operate in, suffer are enormous.

As the legal and only representative of the Defendant, would also like to be present in all these pre-trial and trial proceedings and exercise my legal rights. I would like to voice my opinion to you Judge Aaron. It is not only my right but it is a duty towards You, the Court and the American Justice. But, due to travel restrictions caused by the coronavirus, I am not allowed to travel to New York and unfortunately, no one knows if and when this will be feasible.

Via Timoleone 23, 95126 Catania ( CT)
Via Daniele Crespi 1, 21052 - Busto Arsizio (VA) , Milano, Italy. www.v1969italia.com

Based on the aforementioned, the current financial status of the company Versace 19.69 Abbigliamento Sportivo Srl due to coronavirus cannot suffice the settlement of this case by offering an amount as a lump sum as per plaintiff's request and therefore, an extension of time of six months from the date of the scheduled trial in August 2020 is kindly requested.

We highly appreciate, Your Honor, the valuable time you have spent on this case and we kindly ask for your understanding and support in these difficult times that all of humanity experiences.

Yours Sincerely,
Theofanis Papadas
On behalf of Versace 19.69 Abbigliamento Sportivo Srl

VERSACE 19.69 ABBIGLIAMENTO SPORTIVO SRL
VIA DANIELE CRESPI 1  21052 BUSTO ARSIZIO (VA)
P.IVA 03289170122 - www.v1969italia.com