UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
           :
BEST BRANDS CONSUMER PRODUCTS,  :
INC.                                                :
           :
                         Plaintiff,      :           17-CV-4593 (VSB)
           :
         -against-          :
           :           **ORDER**
           :
VERSACE 19.69 ABBIGLIAMENTO    :
SPORTIVO S.R.L. ET AL.,            :
           :
                       Defendants.  :
           :
------------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

      Plaintiff Best Brands Consumer Products, Inc. ("Plaintiff" or "Best Brands") brings this action against Defendants Versace 19.69 Abbliamento Sportivo S.R.L. ("Versace 19.69") and Valero Enterprises ("Valero") (together, "Defendants"). (Compl.)[1] Best Brands seeks a declaratory judgment and damages for claims of breach of contract, unjust enrichment, fraud, and breach of warranty. (*Id.*)

      After holding an inquest hearing on August 26, 2020, Magistrate Judge Aaron issued a Report and Recommendation ("Report") on October 1, 2020. (Doc. 122.) The Report recommended that I enter judgment against Versace 19.69 and Valero, jointly and severally, in the amount of $90,882.71 in damages, together with $807.64 in costs and further, and $2,720 in attorneys' fees against Versace 19.69. (Doc. 122 at 23.) The Report also recommended that I award prejudgment interest at a rate of nine percent per annum beginning on February 11, 2015,

---

[1] "Compl." refers to Plaintiff Best Brands's complaint filed June 19, 2017. (Doc. 1.)

the date the royalty advance was paid. (*Id.* at 16.) Best Brands and Versace 19.69 each submitted their respective objections to the Report on October 15, 2020. (Docs. 123–124.) The parties filed responses to their opponents' objections on October 29, 2020. (Docs. 125–127.) On November 5, 2020, Best Brands filed a reply brief. (Doc. 128.) On November 7, 2020, Versace 19.69 moved to strike Best Brands's reply brief. (Doc. 130.) I granted that motion to strike and do not consider the reply brief in connection with this decision. (Doc. 134.) For the reasons that follow, Versace 19.69's objections are overruled in full, Plaintiff's objections are overruled in full, and the Report is adopted without modification.

## I.    Legal Standard

When a party timely objects to a report, a district judge must "make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." *United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015) (quoting 28 U.S.C. § 636(b)(1)). After its review, the district court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). "Even where exercising *de novo* review, a district court 'need not . . . specifically articulate its reasons for rejecting a party's objections or for adopting a magistrate judge's report and recommendation in its entirety.'" *Bush v. Colvin*, 15CIV.2062LGSDF, 2017 WL 1493689, at *4 (S.D.N.Y. Apr. 26, 2017) (alteration in original) (quoting *Morris v. Local 804, Int'l Bhd. of Teamsters*, 167 F. App'x 230, 232 (2d Cir. 2006) (summary order)).

Here, I review the objected to portions of the R&R *de novo* and review the rest for clear error. *See, e.g. Schiff v. Yayi Int'l, Inc.*, No. 15-CV-359 (VSB), 2020 WL 3893345, at *4–5 (S.D.N.Y. July 9, 2020) (reviewing objected portion of the damages award issued by a

magistrate judge de novo, the rest for clear error); *Jowers v. DME Interactive Holdings, Inc.*, No. 00 CIV. 4753 LTS KNF, 2006 WL 1408671, at *2 (S.D.N.Y. May 22, 2006) (same).

## II. Discussion

I accept the factual and procedural background of the case as detailed by Magistrate Judge Aaron in the Report. Plaintiff and Versace 19.69 both object to certain portions of the Report. I address the parties' objections in turn.[2]

### A. *Plaintiff's Objections*

Plaintiff objects to certain of the Report's findings and argues that: (1) declaratory judgment is warranted against Versace 19.69; and (2) Versace 19.69 should be held liable for attorneys' fees for the present action.

#### 1. Declaratory Judgment

In the Report, Magistrate Judge Aaron declined to recommend declaratory judgment against Versace 19.69. Federal Rule of Civil Procedure 54(c) is clear that "a default judgement must not differ in kind from . . . what is demanded in the pleadings." Count III of the complaint specifically "seeks a declaratory judgment that Versace 19.69 does not own rights in the Trademark," not that the agreement should be terminated. (Doc. 1 ¶ 78.) In its objections, Plaintiff argues that declaratory relief was "requested several times in the Complaint," but I do not agree. (Doc. 123 at 3.) Although I recognize that Best Brands does repeat in the "Facts" section of its complaint that "the Agreement should be terminated," (*see, e.g.,* Doc. 1 ¶¶ 50, 51), nothing in the complaint may be construed as a demand for the relief of a declaratory judgment stating Plaintiff is entitled to termination of the Agreement.[3] Best Brands could have easily

---

[2] Defendant Valero did not file any objections to the Report.

[3] The "Agreement" refers to the Versace 19.69 Abbigliamento Sportivo S r.l. License Agreement with Best Brands Consumer Products Inc. (Doc. 1-1.)

3

included a distinct count seeking a declaration that the Agreement is terminated, but they did not.

This failure to plead the now-requested relief must result in its forfeiture under Rule 54(c). *See Silge v. Merz,* 510 F. 3d 157, 160 (2d Cir. 2007) (rejecting plaintiff's argument that demand "was implied" because it is anticipated that "defendants will look to the demand clause to understand their exposure in the event of default."); *Joint Stock Co. "Channel One Russia Worldwide" v. Infomir LLC*, No. 16CV1318GBDBCM 2018 WL 4760345, at *1 (S.D.N.Y. Sept. 28, 2018) ("[A] plaintiff cannot recover damages against a defaulted defendant for claims never alleged in its pleading."); *Renaissance Search Partners v. Renaissance Ltd., L.L.C.*, No. 12CV5638DLCSN, 2014 WL 12770400, at *9 (S.D.N.Y. July 3, 2014) ("The plaintiff cannot now seek a type of relief not demanded in the complaint."). Accordingly, Plaintiff's objection to the Report's rejection of declaratory judgment is overruled.

### 2. Attorneys' Fees

Plaintiff seeks indemnification for its attorneys' fees incurred in both the present action and in responding to the subpoena separately issued by Gianni Versace. (Report 18.) Magistrate Judge Aaron found that while the indemnification provision does include the Gianni Versace action, it "is not unmistakably clear that the parties intended that Versace 19.69 indemnify Best Brands for disputes between the parties themselves." (*Id.*) Plaintiff objects to this finding, arguing that Versace 19.69 should be made to pay Plaintiff's attorneys' fees for the present action based on its agreement and/or because the present action is a third-party action against Valero.

Plaintiff essentially repeats the same position presented during its post-hearing briefing before Magistrate Judge Aaron by breaking down its indemnification provision into 13 clauses and arguing that these provisions provide for indemnification of disputes between the parties.

(*Compare* Doc. 123 at 5–15 *with* Doc. 119.)  The Second Circuit has not fully resolved whether a court should apply *de novo* or clear error standard when reviewing objections that simply repeat arguments that were already considered by the magistrate judge.  *See Moss v. Colvin*, 845 F.3d 516, 520 n.2 (2d Cir. 2017) ("[w]e are skeptical that clear error review would be appropriate in this instance, where arguably the only way for Moss to raise . . . arguments on that point was to reiterate them.") (cleaned up); *see also Mario v. P & C Food Markets, Inc.,* 313 F.3d 758, 766 (2d Cir. 2002) ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection").  However, even under a *de novo* standard of review, Plaintiff's arguments fail.  To "presume that broadly worded indemnification provisions by their nature are intended to cover attorney's fees in direct party actions," would be to "deviate from [New York's] exacting standard that the agreement must contain unmistakably clear language of the parties' intent to encompass such actions." *Sage Sys., Inc. v. Liss,* 198 N.E. 3d 768 (N.Y. 2022).  As Magistrate Judge Aaron thoroughly explained, the parties' agreement does not contain the "unmistakably clear" language required under New York law.  *Hooper Associates v. AGS Computers, Inc.*, 548 N.E.2d 903 (N.Y. 1989); *see* Report 16–21.  Although the provision is broadly written, nowhere does it "exclusively or unequivocally refer[] to claims between the parties themselves." *Hooper Associates,* 548 N.E. 2d at 903.

      Plaintiff also argues that because the indemnification provision was found to include its attorneys' fees associated with responding to third-party Gianni Versace's subpoena, the obligation should likewise include its present claim against Valero for fraud.  (Doc. 123 at 3–5.)  Although Valero was an agent of Versace 19.69, it did not sign the agreement and therefore was not considered a party to it.  (Report at 13.)   Plaintiff argues that because Valero is not a party to the agreement, the indemnification provision includes it and constitutes a "promise[] to indemnify Best Brands in this action over fraudulent representations by agent Valero."  (Doc.

5

123 at 5.)  The relevant portion of the indemnification provision reads:

> Licensor [Versace 19.69] hereby saves and holds Licensee [Best Brands] . . . harmless from and indemnifies each of them against any and all . . . losses . . . and expenses (including reasonable attorneys' fees and expenses) that they . . . may incur *or be obligated to pay, or for which they . . . may become liable or be compelled to pay in any action, claim or proceeding against them* . . . by reason of any acts by Licensor or any of its . . . agents [Valero] . . . arising out of or related to this Agreement.  Licensor's indemnification obligation shall also apply to any action by reason of any representation or warranty on the part of Licensor being untrue in any material respect.

(Doc. 1-1 at 12 (emphasis added).)  In its argument, Plaintiff quotes the indemnification provision, but omits the portion of the provision italicized above. (Doc. 123 at 5.)  Importantly, this language limits the indemnification to "action[s], claim[s], or proceeding[s] against them." (*Id.*)  Unlike the Gianni Versace subpoena, which was an action against Best Brands, the present action against Valero was initiated by Best Brands.  Accordingly, I overrule the Plaintiff's objections to Magistrate Judge Aaron's findings related to attorneys' fees.

### B.   *Defendants' Objections*

Versace 19.69 objects to certain of the Report's findings and argues that:  (1) the Report's findings are based on factual allegations that were not well-pleaded; and (2) prejudgment interest was not calculated correctly.

### 1.   Pleading of Facts and Breach of Contract

As an initial matter, I will not address objections that merely rehash factual arguments.  Versace 19.69's default serves as an admission that the complaint's well-pleaded facts are true.  *See, Finkel v. Romanwicz,* 577 F. 3d 79, 84 (2d Cir. 2009).  Best Brands is "also entitled to all reasonable inferences from the evidence offered."  *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981); *Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC,* 779 F.3d 182, 189 (2d Cir. 2015) (Establishing liability based

6

on the "factual allegations in the complaint, combined with uncontroverted documentary evidence submitted by plaintiffs.").

> Accepting all well-pled facts as true, I agree with Magistrate Judge Aaron's finding that
>
> Best Brands has shown the existence of a contract; performance by Best Brands by payment of the royalty advance; breach by Versace 19.69, in that it has failed to honor its obligation to return the royalty advance; and damages suffered as a result of the breach, in the amount of the royalty advance paid by Best Brands, but not returned.

(Report 13 (quoting Compl. ¶¶ 23, 29, 60–68.))  Versace 19.69 objects to the breach finding, arguing that its failure to return Plaintiff's royalty advance "cannot support a finding of breach, as the Agreement requires a failed obligation precedent to trigger the requirement to return." (Doc. 124 at 7.)  I disagree for the reasons detailed *infra* in section B.2.  Because I find that the well-pleaded factual allegations relied on by Magistrate Judge Aaron establish liability as a matter of law, I overrule Defendant's objections to the established facts and finding of breach.

### 2. Prejudgment Interest

Best Brands is entitled to prejudgment interest, to be calculated at a statutory rate of nine percent per annum.  N.Y. C.P.L.R. §§ 5001, 5004.  Under N.Y. C.P.L.R. § 5001, "[i]nterest shall be computed from the earliest ascertainable date the cause of action existed . . ."  N.Y. C.P.L.R. § 5001(a)-(b).  The earliest ascertainable date that this cause of action arose was the date of Versace 19.69's breach.  Paragraph 5(b) of the parties' agreement establishes that Plaintiff's advance must be repaid if their "use of the property strictly in accordance with the terms of [the] Agreement infringes upon the rights of a third party." (Doc. 124 at 7.)  As pled by Best Brands, and confirmed by the Northern District of California, Versace 19.69 did not have rights to the property it purported to license.  *See Gianni Versace, S.p.A., v. Versace 19.69 Abbigliamento Sportivo SRL*, 328 F. Supp. 3d 1007 (N.D. Cal. 2018).  (*See, e.g.,* Compl. ¶¶ 49, 53, 77.)

Versace 19.69 incorrectly claims that it is "under no obligation to repay the amount unless and until this Court issues a judgment ordering it to do so." (Doc. 124 at 8.) That is wrong. Immediately upon receiving the advance, Versace 19.69 became contractually obligated to repay it because any use of the licensed property by Best Brands would have infringed upon the rights of a third party. As a result, I overrule Versace 19.69's objection to the Report's findings related to prejudgment interest.

### III.   Conclusion

For the reasons above, I ADOPT the Report and Recommendation in its entirety. The awarded damages, prejudgment interest, and attorneys' fees are confirmed.

Specifically, Plaintiff Best Brands is awarded the following, jointly and severally against Versace 19.69 and Valero: (1) damages in the amount of $90,882.71; (2) costs in the amount of $807.64; and (3) prejudgment interest in an amount to be calculated by the Clerk of the court at a rate of nine percent per annum beginning on February 11, 2015 as provided in this Order. Plaintiff Best Brands is also awarded attorneys' fees in the amount of $2,720 against Versace 19.69.

Further, the motions to withdraw as counsel submitted by Scott Richman, (Doc. 102), and Michael Gabriel, (Doc. 103), are GRANTED.

The Clerk's Office is respectfully directed to terminate any open motions, to enter judgment in accordance with this Order, and to close this case.

SO ORDERED.

Dated:   July 5, 2023
         New York, New York

_Vernon Broderick_
Vernon S. Broderick
United States District Judge